### BURNS v. FIAT AUTOMOBILE CO.

(Supreme Court, Appellate Term, First Department. January 3, 1914.)

MASTER AND SERVANT (§ 129*) — INJURY — CAUSE OF ACTION — PROXIMATE CAUSE.

Plaintiff, an employé, who showed that a chain which he fastened across the entrance of an elevator shaft was removed, and that on his return, without knowledge of its removal, he walked into the shaft and was injured, in the absence of evidence that the furnishing of a chain, instead of some other form of guard, was the proximate cause of the injury, or that the furnishing of any other form of guard would have prevented it, failed to make out a cause of action.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–263; Dec. Dig. § 129.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Patrick Burns against the Fiat Automobile Company. From a judgment for plaintiff, defendant appeals. Judgment set aside, as against the evidence and against the weight of evidence, and a new trial granted.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Edward J. Walsh, of New York City, for appellant.
Strouse & Strauss, of New York City, for respondent.

GUY, J.  Defendant appeals from a judgment in favor of plaintiff for damages for personal injuries sustained by plaintiff, an employé of defendant, through falling into an elevator pit; plaintiff alleging that the injury was due to the negligence of defendant in failing to furnish him with a safe place to work and failing to properly guard the elevator pit.

Plaintiff introduced evidence as to insufficient lighting of the place of work, and, had that issue been submitted to the jury, a verdict based thereon might possibly be upheld. The trial justice, however, with the acquiescence of both counsel, took the question of the unsafety of the place of work, through insufficient lighting, away from the jury, and submitted the case to them solely on the question whether the entrance to the elevator shaft was properly guarded.

The evidence shows that a chain was stretched across the entrance of the elevator shaft; that plaintiff fastened it on the morning of the accident as he left the shaft to go to another part of the floor to attend to the furnaces, and that during his absence it was removed by some one unknown and the elevator raised; that on returning, having no knowledge that the chain had been removed, he walked into the elevator pit and was injured.

There is no evidence from which it could be properly inferred that the furnishing of a chain to be stretched across the entrance of the elevator shaft, instead of some other form of guard, was the proximate cause of the accident, or that the furnishing of any other form of guard would have prevented the accident.  Without such proof, plaintiff has failed to make out a cause of action.  See Schlappendorf v. Am. Ry. Traffic Co., 142 App. Div. 555, 559, 560, 127 N. Y. Supp. 44.

There being no evidence sufficient to sustain the verdict on the issue submitted to the jury, the judgment must be set aside, as against the evidence and against the weight of evidence, and a new trial granted, with costs to the appellant to abide the event.

BIJUR, J., concurs.  SEABURY, J., concurs in result.